IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TWIST AND SHOUT MUSIC, et. al.., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 9:06CV7 |
| | § | |
| LONGNECK XPRESS, N.P. and | § | |
| CARL DRYDEN HALE, | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |

**ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Before the court is Plaintiffs' Motion for Entry of Default Judgment [Doc. # 11]. Defendant was served with process on January 14, 2006, and never filed an answer or made an appearance. The Clerk made an entry of default on April 19, 2006. Plaintiffs have provided evidence that Defendant is not in military service, and shown the need for a permanent injunction. The court concludes that the motion should be granted and that Plaintiffs should be awarded the statutory minimum for each act of infringement, reasonable costs for this suit, and any post judgment interest that accrues.

**I. Background**

Plaintiffs allege that Defendants use Plaintiffs' copyrighted musical compositions for unauthorized public performance. It is Plaintiffs' contention that these actions infringe on Plaintiffs' copyrights. Plaintiffs have attached evidence of the unauthorized performance of five copyright-protected songs by the Defendants. They seek statutory damages, a permanent

injunction, costs for this suit, and post judgment interest.

## II. Standard of Review

Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendants do not plead or otherwise respond to the complaint, and an entry of default is the notation the clerk makes after the default is established by affidavit. *Id.* The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues. *See Greyhound Exhibit group, Inc. v. E.L.U.L. Rlty. Corp.*, 973 F.2d 155, 160 (2nd Cir. 1992).

After the entry of default by the clerk, a party may seek a default judgment from the court. Fed. R. Civ. P. 55(b)(2). Prior to the entry of any default judgment, the plaintiff must include a sworn statement detailing whether the defendant currently serves in the military. *See* 50 U.S.C. app. § 521(b)(1). Moreover, a default judgment should not be entered against an infant or incompetent person unless they are represented in the action by a guardian, or other representative. Fed. R. Civ. P. 55(b)(2).

## III. Analysis

Defendants have not made any responsive pleading in this case, and are in default. The Clerk made a notation of entry of default on April 19, 2006. Plaintiffs attached an affidavit stating that they found no evidence that Defendant Carl Hale is in military service. *See* Doc. 14. The court concludes that the Affidavit meets the requirements of 50 U.S.C. app. § 521(b)(1). Moreover, the Plaintiffs also state that Defendant Carl Hale is not an infant or incompetent person. This statement is supported by Plaintiffs' affidavit. *See* Doc. 9. Defendant Carl Hale is

also the owner and operator of Longneck Xpress, an establishment that sells refreshments, including alcoholic beverages, as a part of its normal course of business. The court is satisfied that the Defendant is not an infant or incompetent person, and that a default judgment may be entered at this time.

### A. Claim for Money Damages

Plaintiffs seek $2,000.00 for each of five instances of copyright infringement, totaling $10,000.00. Under 17 U.S.C. § 504(c) "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action." 17 U.S.C. § 504(c). The minimum amount for statutory damages is $750.00, and the maximum is $30,000.00. *Id.* The determination of statutory damages is left to the wide discretion of the court. *F.W. Woolworth Co. v. Contemporary Arts Inc.*, 344 U.S. 228, 231, 73 S. Ct. 222 (1952).

Here, Plaintiffs have offered no evidence to show why $2,000.00 per infringement is the appropriate damage amount. Plaintiffs only state that the Defendants owe $1,141.00 in licensing fees and that $424.96 was spent in investigation of these infringements. Under the statutory minimum, Plaintiffs would be entitled to $750.00 per infringement, for a total of $3,750.00. This amount can be reliably calculated from the record and both compensates Plaintiffs for their licensing fees and costs, as well as deters Defendants from continued unlicensed use of Plaintiffs' music. Because the amount of the judgment can be reliably computed from the record, no hearing is necessary. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

**B. Claim for Costs**

Plaintiffs request the court to award their reasonable costs for this suit.  17 U.S.C. § 505 authorizes recovery of full costs in copyright cases.  Plaintiffs have submitted an affidavit detailing costs of $2,516.60.  The court finds this figure reasonable and awards these costs to the Plaintiffs.

**C.  Post Judgment Interest**

Plaintiffs request the court to award post judgment interest in this suit.  Post judgment interest shall be calculated from the date of the entry of final judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the final judgment.  28 U.S.C.A. § 1961 (2005).

**D. Claim for Permanent Injunction**

Plaintiffs ask the court to issue a permanent injunction against Defendant to prevent them from continuing use the Plaintiffs' music recordings for unauthorized public performances.  In copyright cases, 17 U.S.C. § 502(a) authorizes a court to issue an injunction on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.  In order to demonstrate entitlement to permanent injunctive relief, the movant must establish the following: (1) actual success on the merits, (2) no adequate remedy at law, (3) that the threatened injury outweighs any damage to the defendant, and (4) the injunction will no disservice the public interest.  *DSC Comms. Corp. v. DGI Tech., Inc.,* 81 F.2d 597, 600 (5th Cir. 1996). The court may issue an injunction as part of a default judgment.  *See DIRECTV, Inc. v. Brown*, 371 F.3d 814, 816-19

(11th Cir. 2004)(affirmed district court's decision to grant permanent injunction in default judgment case).

Here, the entry of default against Defendant is tantamount to actual success on the merits. *See, e.g., Sony Music Entertainment, Inc. v. Global Arts Productions*, 45 F.Supp. 2d 1345, 1347 (S.D. Fla. 1999).  Moreover, Plaintiffs have no adequate remedy at law.  Defendants use the Plaintiffs' musical recordings in the course of their business and their continued use of these recordings shows that threat of suit or statutory damages has not been an effective deterrent. Additionally, it is not a burden to the Defendants to follow the law and stop unauthorized use of songs. Finally, the public interest is advanced by enforcing compliance with the laws of the United States.  *See Playboy Enterprises, Inc. v. Webbworld, Inc*., 991 F.Supp. 543, 561 (N.D. Tex. 1997).  On balance, these factors all weigh in favoring of granting a permanent injunction against Defendants and preventing further illegal performances of Plaintiffs' recordings.

IT IS THEREFORE ORDERED that Defendants Longneck Xpress and Carl Dryden Hale and his agents, servants, employees, and all persons acting under his permission or authority are hereby **permanently enjoined** from directly or indirectly infringing on any sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs Songs of Mosaic, EMI April Music, Inc., Desmobile, Inc., Bon Jovi Publishing, Aggressive Music, Twist and Shout Music, Innocent Bystander, Write Treatage Music, Universal-Polygram International Publishing, Inc., or any parent, subsidiary, or affiliate record label of these companies.  This includes using any of Plaintiffs' recordings for public performance except pursuant to a lawful license or the express authority of Plaintiffs.

IT IS FURTHER ORDERED that Plaintiffs Motion for Default Judgment [**Doc. #11**] is **GRANTED, IN PART**.  Defendants Longneck Xpress and Carl Dryden Hale are ordered to pay Plaintiffs Songs of Mosaic, EMI April Music, Inc., Desmobile, Inc., Bon Jovi Publishing, Aggressive Music, Twist and Shout Music, Innocent Bystander, Write Treatage Music, Universal-Polygram International Publishing, Inc., **$3,750.00.**

IT IS FURTHER ORDERED THAT Defendants Longneck Xpress and Carl Dryden Hale pay Plaintiffs Songs of Mosaic, EMI April Music, Inc., Desmobile, Inc., Bon Jovi Publishing, Aggressive Music, Twist and Shout Music, Innocent Bystander, Write Treatage Music, Universal-Polygram International Publishing, Inc., their reasonable costs in this suit of **$2,516.60.**

IT IS FURTHER ORDERED THAT post judgment interest in the judgment shall accrue until the judgment is paid, as provided for by 28 U.S.C. § 1961 (2005).

So **ORDERED** and **SIGNED** this **28** day of **June, 2006.**

_____
Ron Clark, United States District Judge